UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY LEE EAKINS,

        Plaintiff,

  v.

RALPH DIAZ, et al.,

        Defendants.

No. 2:19-cv-2013-WBS-EFB P

ORDER

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis (ECF No. 2). The application is granted but the complaint is dismissed with leave to amend.

<u>Application to Proceed In Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

<u>Screening</u>

I.    <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     The Complaint

Plaintiff argues that under Proposition 57,[1] regardless of third-striker or second-striker status, inmates who have been convicted of a nonviolent felony as a primary offense are entitled to early parole consideration after completing the full term of their primary offense. ECF No. 1-1 at 1. He alleges that California Department of Corrections and Rehabilitation ("CDCR") regulations upheld by defendants Ralph Diaz and Kathleen Allison violate Proposition 57 by

---

[1] Proposition 57 was enacted in 2016 and it added Article 1, section 32 to the California Constitution. That section made inmates convicted of nonviolent felonies "eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. art. I, § 32(a)(1).

excluding three-strike inmates serving life sentences for nonviolent felonies from early parole consideration. *Id.* at 1-2

Plaintiff is serving a sentence of 27-years-to-life under California's Three Strikes Law for a primary offense that may be considered nonviolent by the California Penal Code, first degree burglary. *Id.* at 6. Thus, plaintiff claims he is eligible for a Proposition 57 early parole hearing. *Id.* at 1. However, plaintiff claims he is being denied his right to such a hearing because defendants Diaz and Allison approved CDCR regulations that deny Proposition 57 early parole hearings to life-sentence inmates like plaintiff. *Id.* at 1-2

Plaintiff claims that by implementing CDCR regulations excluding him from early parole consideration, defendants Diaz and Allison have violated his Fourteenth Amendment due process and equal protection rights. ECF No. 1 at 3; ECF No. 1-1 at 1. He seeks to be referred for early parole consideration pursuant to Proposition 57 by deeming his life term as an alternative sentence which is considered a nonviolent felony. ECF No. 1-1 at 9.

III. <u>Analysis</u>

The only discernable issue raised by the complaint is whether defendants have properly applied California Proposition 57. Thus, plaintiff's claim is not cognizable under § 1983 because it merely asserts a violation of state law. Section 1983 only remedies a violation of the Constitution, law or treaties of the United States. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (finding that California courts are responsible for assuring that the constitutional procedures governing California's parole system are properly applied). Although plaintiff appears to raise due process and equal protection claims, those claims are solely based on an alleged violation or misinterpretation of state law. ECF No. 1 at 3; ECF No. 1-1 at 1. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). State courts "are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Other courts in this district have held similarly when confronted with section 1983 claims invoking Proposition 57. *See*, *e.g.*, *Herrera v. California State Superior Courts*, No. 1:17-cv-386 AWI BAM, 208 U.S. Dist. LEXIS 6113, at

3

*8-9 (E.D. Cal. Jan. 12, 2018); *Hernandez v. Diaz*, No. 2:18-cv-3265 AC P, 2019 U.S. Dist. LEXIS 60935, at *7-11 (E.D. Cal. April 8, 2019).

The court will offer plaintiff one opportunity to amend his complaint in order to state a cognizable federal claim (if he can).

III.     Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff is warned that he may not bring multiple, unrelated claims against more than one defendant.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).   Nor may he change the nature of this suit by alleging new, unrelated claims.  *See George*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

4

and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

4.  Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED:  April 23, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE